UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOVAR RODRIGUEZ, et al., | Case No. 2:26-cv-02067-TMC |
| Petitioners, | ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JULIO HERNANDEZ, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 4–25; Dkts. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12. Petitioners have not yet had bond hearings before an Immigration Judge ("IJ"). Dkt. 7 at 3.

On June 12, 2026, Petitioners filed this petition for writ of habeas corpus, arguing that their mandatory detention violates the Immigration and Nationality Act ("INA") because they are entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 43–47. That same day, an IJ ordered Petitioner Juan Cruz Vasquez removed and he waived his right to appeal the order. Dkt. 7 at 1, n.2; Dkt. 8-2 at 2–4. On June 16, an IJ granted Petitioner Hector Aaron

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 1

Tovar Rodriguez's request for voluntary departure. Dkt. 7 at 1, n.1; Dkt. 8-1 at 2. On June 17, Federal Respondents filed a return to the habeas petition. Dkt. 7. Petitioners have not filed a traverse and the habeas petition is ready for the Court's review. For the reasons set forth below, the Court DENIES in part and GRANTS in part the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 43–47. While Federal Respondents

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 2

express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners — other than Juan Cruz Vasquez, who was ordered removed and waived his appeal, *see* Dkt. 8-2 at 2–4  — are members of the Bond Denial Class for purposes of this matter. Dkt. 7 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioners, except for Juan Cruz Vasquez, whose detention is now lawful under 8 U.S.C. § 1231(a)(2)(A), are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioners have thus shown that their mandatory detention under § 1225(b) violates the INA, entitling them to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is DENIED as to Petitioner Juan Cruz Vasquez and GRANTED as to Petitioners Hector Tovar Rodriguez, Michelle Terrazas, Jaime Meraz Camacho, Ana Loya Trevizo, Mario Hinojosa Diaz, Adrian Guadarrama Perez, Adrian Garcia Marquez, Kevin Garcia Diaz Leal, Luis Arguijo Cortes, and Tito Arevalo-Ramirez.

2. Within fourteen days of receiving Petitioner Hector Tovar Rodriguez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3. Within fourteen days of receiving Petitioner Michelle Terrazas's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

4. Within fourteen days of receiving Petitioner Jaime Meraz Camacho's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

5. Within fourteen days of receiving Petitioner Ana Loya Trevizo's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

6. Within fourteen days of receiving Petitioner Mario Hinojosa Diaz's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

7. Within fourteen days of receiving Petitioner Adrian Guadarrama Perez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

8. Within fourteen days of receiving Petitioner Adrian Garcia Marquez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

9. Within fourteen days of receiving Petitioner Kevin Garcia Diaz Leal's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

10. Within fourteen days of receiving Petitioner Luis Arguijo Cortes's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

11. Within fourteen days of receiving Petitioner Tito Arevalo-Ramirez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

12. Upon the release of any Petitioner, Respondents must return to the Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

13. Nothing in this order prevents an Immigration Judge from granting an individual Petitioner's request for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to meet and confer on any fee request before filing a petition.

Dated this 18th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 4